**Paul A. Garfield - 015691989**
**DAVIS, SAPERSTEIN & SALOMON, P.C.**
**375 Cedar Lane**
**Teaneck, New Jersey 07666-3433**
**(201) 907-5000**
**Fax: (201) 692-0444**
**Attorneys for Plaintiff(s),**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Willie Anderson,<br><br>               Plaintiff(s),<br><br>- vs -<br><br>United States Postal Service a/k/a USPS, Nikira D. Solomon, United States of America, a/k/a USA, United States Postal Service a/k/a USA  John Does 1-10 (fictitious names representing unknown individuals) and/or XYZ Corps. 1-10 (fictitious names representing unknown corporations, partnerships and/or Limited Liability Companies or other types of legal entities)<br><br>               Defendant(s). | Civil Action<br>2:21-CV-20721<br><br><br>COMPLAINT<br><br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

Plaintiff Willie Anderson, complaining of the defendant, by his attorneys, Davis, Saperstein & Salomon respectfully alleges as follows:

## JURISDICTION

1.      At all times hereinafter mentioned, Plaintiff, Willie Anderson, was and is a resident at 1260 Burke Ave, Apt 3E, Bronx in the State of New York.

2.      At all relevant times herein mentioned, Defendant United States Postal Service

a/k/a USPS (hereinafter referred to as "USPS") was a government agency, with its main address as 2 Federal Square, Newark, NJ 07102 in the County of Essex, State of New Jersey.

3.　　Upon information and belief, at all relevant times herein mentioned, Defendant Nikira D. Solomon; address is unknown as police report is redacted. (See attached Exhibit).

4.　　On or about December 14th 2020, and at all relevant times herein mentioned, Defendant Nikira D. Solomon was the employee, agent, and or representative of Defendant USPS and was the permissive operator of a postal truck owned by Defendant USPS that was traveling on Lyons Ave at or near its intersection with Stecher Street, in the City of Newark, County of Essex, and the State of New Jersey, which is where the subject accident occurred.

5.　　This cause of action arises from negligence that occurred on December 14th 2020 At which time Plaintiff Willie Anderson was operating his vehicle on Lyons Ave, at or near its intersection with Stecher Street, in the City of Newark, County of Essex, and the State of New Jersey when plaintiff's vehicle was struck by a USPS postal vehicle being operated by Defendant Nikira D. Solomon.

6.　　The jurisdiction of this Court is invoked pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et. seq. and 39 U.S.C. § 409.

7.　That on or about December 14th 2020, Plaintiff caused to have an administrative claim be  filed with the United States Postal Service.

8.　That this action is being commenced after one hundred and eighty (180) calendar days following no decision from the post office has not issued a decision.

**FIRST CAUSE OF ACTION**

9.　　On or about December 14th 2020 at about 5:28 pm., Plaintiff Willie Anderson

-2-

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000

was the owner and operator of a motor vehicle, which was proceeding straight on Lyons Ave, at or near its intersection with Stecher Street, in the City of Newark, County of Essex, and the State of New Jersey.

10.     On or about December 14th 2020 at about 5:28 pm., Defendant USPS was the owner of a postal truck, Plate no. 9215608, permissively being operated by its employee, agent and or representative, Defendant Nikira D. Solomon, on Lyons Ave, at or near its intersection with Stecher Street, in the City of Newark, County of Essex, and the State of New Jersey, which is where the subject accident occurred.

11.      On the above date and time, Defendant USPS's employee Defendant Nikira D. Solomon, struck the vehicle being operated by Plaintiff Willie Anderson at the intersection of Lyons Ave with Stecher Street, in the City of Newark, County of Essex, and the State of New Jersey.

1.     Defendant USPS and Defendant Nikira D. Solomon owed a duty of care to Plaintiff to drive the USPS postal truck in a safe manner.

2.     Defendant USPS and Defendant Nikira D. Solomon breached the duty of care owed to Plaintiff Willie Anderson by operating the USPS postal truck in such a negligent manner so as to cause hit the Plaintiff's vehicle at the intersection.

3.     As a direct and proximate cause of the negligence of Defendant USPS and Defendant Nikira D. Solomon in failing to operate the subject postal vehicle in a safe manner, Plaintiff sustained severe injuries of a permanent nature preventing the Plaintiff from performing his normal activities of life and business resulting in great pain to his mind and body, loss of enjoyment of life and resulting in his incurring substantial expenses for medical care, hospitalization, loss of earning capacity and other expenses occasioned by injuries and disability

-3-

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000

sustained by him as a result of the aforementioned, together with the costs and disbursements to abide the event.

**WHEREFORE**, the Plaintiff Willie Anderson hereby demands judgment against the Defendants USPS and/or Nikira D. Solomon individually, jointly or severally for the following relief:

      (A)     Damages;

      (B)     Costs;

      (C)     Interest;

      (D)     For such costs as the Court deems just and proper.

## SECOND CAUSE OF ACTION

15.     Plaintiff Willie Anderson repeats each and every allegation of the First Cause of Action of the Complaint as if set forth at length herein verbatim.

16.     At the aforesaid time and place, Defendants USPS, was a government agency that delivers mail, which engaged the services of Defendant Nikira D. Solomon, as an employee, agent or independent contractor to drive its postal truck.

17.     At the aforesaid time and place and in furtherance of Defendants USPS had an economic interest in the operation of its postal truck by Defendant Nikira D. Solomon, which he operated said truck as an employee, agent or independent contractor for USPS.

18.     At the aforesaid time and place, Defendant USPS, granted and entrusted the operation of the subject postal truck to Defendant Nikira D. Solomon, which was operated in such an inattentive, careless, reckless and negligent manner, causing Plaintiff Willie Anderson to sustain severe personal injuries; the aforesaid inattentiveness, carelessness, recklessness, and negligence is thereby imputed to Defendant USPS.

-4-

19.     Defendant USPS, negligently entrusted the care and operation of said truck to Defendant Nikira D. Solomon.

20.     As a direct and proximate result of the aforesaid inattentiveness, negligence, carelessness, and recklessness in the operation, maintenance, ownership, control and/or entrustment of the Defendants, Plaintiff Willie Anderson was violently tossed about the inside of the vehicle and was caused to suffer severe and permanent injuries to multiple parts of his body, did suffer and will in the future continue to suffer great pain and anguish; was caused to seek and will in the future be caused to seek medical and hospital treatment; was caused to expend or incur and will in the future be caused to expend or incur monies in an effort to treat his injuries; was caused to lose time from and will in the future be caused to lose time from his usual and customary activities, pursuits and occupations; was caused to suffer permanent injuries and was otherwise caused to suffer injuries and damages.

21.     The injuries and damages suffered by the Plaintiff as aforesaid are personal injuries either exempt from or meeting the requirements of one or more of the categories set forth in N.J.S.A. 39:6A-8(a), if said Statute is applicable to the Plaintiff's cause of action as set forth in this Complaint.

**WHEREFORE**, the Plaintiff Willie Anderson hereby demands judgment against the Defendants USPS and/or Nikira D. Solomon., individually, jointly or severally for the following relief:

(A)     Damages;

(B)     Costs;

(C)     Interest;

(D)     For such costs as the Court deems just and proper.

-5-

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000

## THIRD CAUSE OF ACTION

22.     Plaintiff Willie Anderson repeats each and every allegation of the First and Second Causes of Action of this Complaint as if set forth herein at length.

23.     At the aforesaid time and place, Defendants USPS, was a government agency that delivers mail, which engaged the services of Defendant Nikira D. Solomon, as an employee, agent or independent contractor to drive its postal truck.

24.     At all relevant times, Defendant USPS, granted and entrusted the operation of the subject postal truck to Defendant Nikira D. Solomon, which was operated in such an inattentive, careless, reckless and negligent manner, causing Plaintiff Willie Anderson to sustain severe personal injuries; the aforesaid inattentiveness, carelessness, recklessness, and negligence is thereby imputed to Defendant USPS.

25.     Defendant USPS, negligently trained and or supervised its employee, agent or independent contractor, Defendant Nikira D. Solomon, regarding proper operation of the subject postal truck.

26.     As a direct and proximate result of the aforesaid inattentiveness, negligence, carelessness, and recklessness in the operation, maintenance, ownership, control and/or entrustment of the Defendants, Plaintiff Willie Anderson was violently tossed about the inside of the vehicle and was caused to suffer severe and permanent injuries to multiple parts of his body, did suffer and will in the future continue to suffer great pain and anguish; was caused to seek and will in the future be caused to seek medical and hospital treatment; was caused to expend or incur and will in the future be caused to expend or incur monies in an effort to treat his injuries; was caused to lose time from and will in the future be caused to lose time from his usual

-6-

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000

and customary activities, pursuits and occupations; was caused to suffer permanent injuries and was otherwise caused to suffer injuries and damages.

27.     The injuries and damages suffered by the Plaintiff as aforesaid are personal injuries either exempt from or meeting the requirements of one or more of the categories set forth in N.J.S.A. 39:6A-8(a), if said Statute is applicable to the Plaintiff's cause of action as set forth in this Complaint.

**WHEREFORE**, the Plaintiff Willie Anderson hereby demands judgment against the Defendants USPS and/or Nikira D. Solomon, individually, jointly or severally for the following relief:

(A)     Damages;

(B)     Costs;

(C)     Interest;

(D)      For such costs as the Court deems just and proper.

## FOURTH CAUSE OF ACTION

28.     Plaintiff, Willie Anderson repeats each and every allegation of the First and Second Causes of Action of this Complaint as if set forth herein at length.

29.      Defendants John Does 1-10 (fictitious names representing unknown individuals) and/or XYZ Corps. 1-10 (fictitious names representing unknown corporations, partnerships and/or Limited Liability Companies or other types of legal entities) are names used for the purpose of this lawsuit to represent parties, drivers, operators and/or automobile owners, whose names or identities are not yet known and who may have either directly or indirectly contributed to the injuries sustained by the Plaintiff.

-7-

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000

30.     At all times relevant hereto, the Defendants John Does 1-10 and/or XYZ Corps. 1-10 owned, operated, maintained, controlled and/or entrusted and/or otherwise allowed their motor vehicles to be operated in an inattentive, negligent, careless, and reckless manner so as to cause the Plaintiff Willie Anderson, to be violently tossed about the vehicle in which he was traveling.

31.     At all times relevant hereto, the Defendants John Does 1-10 and/or XYZ Corps. 1-10 negligently trained and or supervised its employee, agent or independent contractor, Defendant Nikira D. Solomon, regarding proper operation of the subject postal truck.

subject postal truck.

32.     As a direct and proximate result of the aforesaid inattentiveness, negligence, carelessness, and recklessness in the operation, maintenance, ownership, control and/or entrustment of the Defendants, Plaintiff Willie Anderson was violently tossed about the inside of the vehicle and was caused to suffer severe and permanent injuries to multiple parts of his body, did suffer and will in the future continue to suffer great pain and anguish; was caused to seek and will in the future be caused to seek medical and hospital treatment; was caused to expend or incur and will in the future be caused to expend or incur monies in an effort to treat his injuries; was caused to lose time from and will in the future be caused to lose time from his usual and customary activities, pursuits and occupations; was caused to suffer permanent injuries and was otherwise caused to suffer injuries and damages.

33.     The injuries and damages suffered by the Plaintiff as aforesaid are personal injuries either exempt from or meeting the requirements of one or more of the categories set forth in N.J.S.A. 39:6A-8(a), if said Statute is applicable to the Plaintiff's cause of action as set forth in this Complaint.

-8-

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000

**WHEREFORE**, the Plaintiff Willie Anderson hereby demands judgment against the Defendants USPS and/or Nikira D. Solomon, individually, jointly or severally for the following relief:

(A)     Damages;

(B)     Costs;

(C)     Interest;

(D)      For such costs as the Court deems just and proper.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff herby designates Paul A. Garfield, Esq. as Trial Counsel.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Paul A. Garfield, attorney for Plaintiff, Willie Anderson, in accordance with Loc. Civ. R. 11.2, hereby certifies, pursuant to 28 U.S.C. §1746, that to the best of my knowledge, the matter in controversy in the above-captioned civil action, is not the subject of any other action pending in any Court, nor is it the subject of any pending arbitration or administrative proceeding. I certify under penalty of perjury that the foregoing is true and correct.


DAVIS, SAPERSTEIN & SALOMON, P.C.
Attorneys for Plaintiff(s)


/s/ Paul A. Garfield

Dated:  December 27, 2021          BY:     Paul A. Garfield, Esq.
                                                 For the Firm


-9-

DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, New Jersey 07666-3433
(201) 907-5000